UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| APRIL NICOLE BEDINGFIELD, ET AL. | CIVIL ACTION NO. 09-369 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LARRY C. DEEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 97) filed by Plaintiffs. The appeal was set on a Notice of Motion Setting, whereby Defendants' opposition is due March 29, 2011 and the reply is due April 5, 2011. See Record Document 98. However, Plaintiffs filed a Motion to Expedite the Consideration of the Magistrate Appeal. See Record Document 100. While Defendants opposed the motion to expedite, they did file brief objections to the pending appeal. See Record Document 101. The Motion to Expedite (Record Document 100) is hereby **GRANTED**, such that the undersigned may rule upon the Magistrate Appeal in a more expeditious manner.

Plaintiffs' Magistrate Appeal relates to a Memorandum Order (Record Document 96) issued by Magistrate Judge Hornsby on March 7, 2011. In that order, Judge Hornsby denied Plaintiffs' Motion to Take Deposition of Sheriff Larry Dean. See id. The Magistrate Judge noted that Plaintiffs had not "demonstrated how ultimate authority over [certain] matters gives the sheriff unique personal knowledge about the facts of this case" or demonstrated how Sheriff Deen had any personal knowledge worthy of a deposition. Id. at 2. In conclusion, Magistrate Judge Hornsby held:

> Plaintiffs have not demonstrated that Sheriff Deen has any specific knowledge about the facts that gave rise to this case. Defendants represent that they are not using [Sheriff] Deen as an affiant in connection with their motion, and they have not identified him as a trial witness. The sheriff has

> ultimately authority over personnel, policies, and procedures, but that is true of every sheriff in the state, and the deposition of the sheriff if not necessary or appropriate in every case involving acts or omissions by sheriff's deputies or other employees. After a careful consideration of all of the arguments and exhibits submitted by the parties in connection with this motion, and cognizant of Plaintiffs' insistence that the deposition of the sheriff is vital, the undersigned finds that Plaintiffs have not made an adequate showing to take the requested deposition.

Id. at 3.

The decision by a magistrate judge as to discovery issues is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's Memorandum Order of March 7, 2011 is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions de novo, and will review her factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

The undersigned has reviewed the record and finds that the Memorandum Order of March 7, 2011 was neither clearly erroneous nor contrary to law. As highlighted by the Magistrate Judge and Defendants in their opposition, Plaintiffs have failed to identify the particular information that the deposition of Sheriff Deen will provide and/or how Sheriff Deen has any unique personal knowledge about the facts of this case. Additionally, Plaintiffs have failed to support their contention that the deposition of Sheriff Deen is "vital

and necessary" with any facts, but instead rely upon only conclusory statements. Thus, like the Magistrate Judge, the Court finds that Plaintiffs have not made an adequate showing to take the requested deposition.

Accordingly,

**IT IS ORDERED** that the Magistrate Appeal (Record Document 97) is **DENIED** and the Memorandum Order of March 7, 2011 (Record Document 96) be is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment (Record Document 109) is **GRANTED**. Plaintiffs' opposition was to be filed by March 18, 2011; however, in light of the extensive briefing in connection with the Magistrate Appeal, the undersigned hereby extends Plaintiffs' deadline to file their opposition until **March 25, 2011**. Defendants' reply is due **April 1, 2011**. Any further extensions of time will likely jeopardize the current trial setting in this matter.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of March, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE