**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| APRIL NICOLE BEDINGFIELD, ET AL. | CIVIL ACTION NO. 09-369 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LARRY C. DEEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion in Limine to Strike Affidavit and Testimony of Alan Brent Grosbach, M.D. (Record Document 178) filed by Plaintiffs. Plaintiffs move to strike the affidavit, report, and testimony of Dr. Grosbach, a board-certified oncologist with over 30 years of experience, on the basis that his expert medical opinions have "no basis in fact or science." Id. at 2. More specifically, Plaintiffs attack the "doubling times" figures[1] used by Dr. Grosbach and argue:

> Dr. Grosbach's testimony and report make it clear that there is no reliable basis for the opinions expressed therein. He does not state . . . where the alleged principles and methods he utilized can be found and demonstrated in literature as being reliable and accurate. Further, he failed to show that he correctly applied such principals and methods in this case.

Id. at 2. Plaintiffs contend that Dr. Grosbach's conclusion that Trey Bedingfield's cancer was not only present but already widely metastatic at the time of his March hospitalization "is but a guess, which may be an educated guess but a guess nonetheless." Record Document 178-1 at 2.[2] Defendants oppose the Motion in Limine on the grounds that the

---

[1]In his expert report, Dr. Grosbach stated that colon cancer has a well-established slow growth rate. See Record Document 191, Exhibit A. He further explained that "colon cancers double in size over periods of one to two months or longer." Id.

[2]Dr. Grosbach opined that due to the slow growth rate of colon cancers and the doubling time of colon cancers, "the metastatic tumors in Mr. Bedingfield's liver and elsewhere would have been present in March and would have been at least one-quarter to one-half the size they had achieved on CT scan and at surgery in late May." Record

motion is actually an untimely Daubert motion and that Dr. Grosbach's opinions are reliable. See Record Document 191.

The Court agrees that the instant Motion in Limine is, in actuality, a veiled Daubert motion. The motion clearly challenges the qualifications of Dr. Grosbach and the reliability of his opinions, both issues a party properly challenges via a Daubert motion. See Queen Trucking, Inc. v. GM Corp., No. 06-052, 2007 WL 4458919, *2 (N.D.Tex. June 8, 2007) ("A Daubert motion allows a party to challenge the opposing party's expert witnesses on several grounds. First, a Daubert challenge allows a party to challenge an expert's qualifications. Further, an opposing party may attack the reliability of an expert's testimony."); Pipitone v. Biomatrix, Inc., 288 F.3d 239, 244 (5th Cir.2002); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167 (1999). On December 13, 2010, the Court entered an Amended Scheduling Order. See Record Document 62. Paragraph Nine of such order provided that Daubert motions, i.e., any challenge to expert testimony on grounds that they are not relevant or reliable, must be filed by May 6, 2011. See Record Document 62 at ¶ 9. The instant motion was not filed until June 2, 2011 and, is thus, untimely.

"The [Federal] Rules of Civil Procedure endow the trial judge with formidable case-management authority." Hernandez v. General Motors Corp., No. 00-332, 2001 WL 36103819, *1 (S.D.Tex. July 3, 2001). This authority includes drafting a case-management schedule that the district court enters as an order. See id. It is well established that "a party who ignores any case-management deadline does so at his own peril." Id. More

---

Document 191, Exhibit A. He further stated that the metastatic tumors "could not have developed *de novo* in the interval between March 4 and May 28." Id.

specifically, "challenges to expert testimony may be waived for failure to adhere to deadlines" set forth in a scheduling order. Id.; Queen Trucking, Inc., 2007 WL 4458919, *2; Vienne v. American Honda Motor Co., Inc., No. 99-3716, 2001 WL 83260, *2 (E.D.La. Jan. 26, 2001). Based on this line of cases and further considering that Plaintiffs have failed to even acknowledge their untimeliness and/or offer a good faith explanation for missing the Daubert motion deadline set forth in the Amended Scheduling Order, the Court will not entertain Plaintiffs' untimely Daubert challenge.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion in Limine to Strike Affidavit and Testimony of Alan Brent Grosbach, M.D. (Record Document 178) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of July, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE